IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 06-47-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MARIO ARAMBULA TRINIDAD, | ) | |
| | ) | |
| Defendant. | ) | |

United States Magistrate Judge Jeremiah C. Lynch conducted a hearing on Defendant Trinidad's motion to suppress on November 15, 2006 and issued Findings and Recommendations on November 20, 2006 in which he recommended that the motion to suppress be granted because the Defendant did not voluntarily consent to the search of his vehicle.  The search yielded contraband that is the basis of this prosecution.

This Court must consider de novo any timely objection to Judge Lynch's Findings and Recommendations.  See Fed. R. Crim. P. 59(b)(3).  The United States timely filed objections, raising three issues.  First, the Government contends that the transcript shows that the Defendant did in fact verbally consent to the

search.  Upon de novo review, I agree with Judge Lynch's findings regarding the exchange between the Defendant and Officer Donnelly.  The Government's assumption that inaudible portions of the tape contain the crucial words of consent is incorrect.  Moreover, the snippets of transcript cited by the Government, when considered in the context of the entire exchange, fail to support the Government's view that the Defendant verbally consented to the search.

The Government's next restates its reliance on the fact that the Defendant signed a written consent form in his native language.  Judge Lynch considered this issue and found that Officer Donnelly's conduct and the Defendant's obvious confusion compelled the conclusion that the Defendant did not make a knowing and intelligent waiver by signing the consent form.  The Government offers no elaboration on its objection to this portion of the Findings and Recommendations, and my own de novo review supports Judge Lynch's conclusion.

Finally, the Government argues that Judge Lynch erred in finding that Officer Donnelly's behavior was coercive and that the record shows that what might appear to be coercion on the officer's part was due to the Defendant's evasiveness.  Upon de novo review, it is clear from the record that the extended and repetitive nature of Officer Donnelly's question was due to the officer's dissatisfaction with the responses by a Defendant who, while clearly having some difficulty negotiating a language

barrier, unmistakably expressed a refusal to consent to the search of his car.  The problem was not that the Defendant would not answer Officer Donnelly's question; the problem was that the answer was not the one the officer was hoping to hear.

For the foregoing reasons, I adopt Judge Lynch's Findings and Recommendations in full.  Accordingly, IT IS HEREBY ORDERED that the Defendant's motion to suppress (Doc. No. 6) is GRANTED. The Defendant's statements made during the traffic stop and the evidence seized from his vehicle will be inadmissible at trial.

DATED this 29th day of November, 2006.

_____
DONALD W. MOLLOY, Chief Judge
United States District Court